**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SAMAH ABDELMAGID,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| vs. | ) | **5:11-cv-03210-AKK** |
| | ) | |
| **ISLAMIC ACADEMY OF** | ) | |
| **HUNTSVILLE, operated by** | ) | |
| **Huntsville Islamic Center, an** | ) | |
| **Alabama non-profit Corporation,** | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Defendant Islamic Academy of Huntsville ("Defendant" or "Academy")
filed a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment
on October 5, 2011, asserting that it employed less than fifteen employees and, as
such, is not subject to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et
seq*. Doc. 4. Based on the initial briefing, docs. 6 & 7, the court determined that it
could not treat this matter as a motion to dismiss since a determination of the issue
required the court to consider matters outside of the pleadings. As a result, and
also because of the parties' contentions, the court ordered limited discovery on the
issue of whether Defendant employed fifteen or more employees for twenty or

1

more weeks in 2010 or 2011,[1] and ordered the parties to supplement their briefing and evidentiary materials after the discovery period.  Doc. 13.  Thereafter, pursuant to the court's instructions, doc. 13, Plaintiff Samah Abdelmagid ("Plaintiff") supplemented her opposition to Defendant's motion and Defendant replied.[2]  Docs. 19 & 20.  For the reasons set forth below, the court **GRANT**S Defendant's motion for summary judgment and declines to exercise jurisdiction over the remaining state law claims.

## I. STANDARD OF REVIEW[3]

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any

---

[1]It is undisputed that the relevant years at issue are 2010 and 2011.  Docs. 19 & 20, at 3.

[2] Defendant asks the court to strike paragraphs 3, 4, and 5, of Plaintiff's affidavit, doc. 6-1, because the Letters referenced in each paragraph were not attached to the affidavit.  Doc. 8.  However, Plaintiff provided the Letters when she supplemented her response.  Doc. 19-1.  Therefore, the motion to strike is **DENIED**.

[3]Because the court ordered limited discovery on the issue of whether Defendant employed fifteen or more employees for twenty or more weeks in 2010 or 2011, doc. 13, allowed the parties to submit additional briefing and evidence thereafter, and relied upon the parties' evidentiary submissions, the court converted Defendant's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, doc.4, to a motion for summary judgment. *See Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 17 (11th Cir. 2010) ("[I]f a district court considers matters outside of the pleadings when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), then the motion to dismiss must be treated as a motion for summary judgment under Fed. R. Civ. P. 56."); *see also Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) ("[T]he district court did not abuse its discretion in converting [Defendant's] motion to dismiss to a motion for summary judgment, because it considered documents beyond the pleadings . . . .")

material fact and the movant is entitled to judgment as a matter of law." To

support a summary judgment motion, the parties must cite to "particular parts of

materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations, admissions, interrogatory

answers, or other materials." Fed. R. Civ. P. 56(c). Moreover, "Rule 56(c)

mandates the entry of summary judgment, after adequate time for discovery and

upon motion, against a party who fails to make a showing sufficient to establish

the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). The moving party bears the initial burden of proving the absence of a

genuine issue of material fact. *Id*. at 323. The burden then shifts to the

nonmoving party, who is required to "go beyond the pleadings" to establish that

there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation

marks omitted). A dispute about a material fact is genuine "if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

*v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The court must construe the

evidence and all reasonable inferences arising from it in the light most favorable to

the non-moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970);

see also *Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the

3

non-moving party's favor).  However, "mere conclusions and unsupported factual

allegations are legally insufficient to defeat a summary judgment motion." *Ellis v.*

*England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald*

*Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).  Moreover,

"[a] mere 'scintilla' of evidence supporting the opposing party's position will not

suffice; there must be enough of a showing that the jury could reasonably find for

that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing

*Anderson*, 477 U.S. at 252).

## II. FACTUAL BACKGROUND[4]

Defendant hired Plaintiff as vice principal in August 2009, to allow the

principal, Khowla Seljuki ("Seljuki"), to work part-time.  Doc. 1, at 3.  Around

May 2010, Seljuki decided to return to her full-time schedule.  *Id*.  As a result,

Defendant assigned Plaintiff to teach a computer studies class, but continued to

also assign Plaintiff vice principal duties.  *Id.* In August 2010, Seljuki resigned as

principal, but remained on Defendant's Academy Board ("the Board").  *Id.*  Two

months later, in October 2010, Defendant hired Dr. Mohamad Abdelmagid ("Dr.

Abdelmagid"), Plaintiff's father, to replace Seljuki as principal.  *Id.*

---

[4] When evaluating the motion for summary judgment, the court resolves all factual disputes in Plaintiff's favor "when sufficient, competent evidence . . . supports Plaintiff's version of the disputed facts."  *See Pace v. Capobianco*, 283 F.3d 1275, 1276 (11th Cir. 2002).

The next month, a member of the Board held a teachers meeting without notifying Plaintiff or Dr. Abdelmagid, *id.*, at 4, even though presumably both had a right to know about the meeting and to attend it.  At the next Board meeting, Seljuki gave Plaintiff a negative performance evaluation, despite the Board allegedly never previously evaluating staff members.  *Id.*, at 5.  The campaign against Plaintiff carried over into the new year.  In January 2011, specifically on or about January 15 and January 28, the Academy Committee (the "Committee") held meetings in which they discussed Plaintiff.  *Id.*  On or about January 29, 2011, the Committee's  Secretary informed the other members by email about two anonymous complaints against Plaintiff.  *Id.*, at 5-6.  Also, on January 31, 2011, a teacher, who had submitted her resignation because of issues with students' parents, notified the Committee that she resigned also because of Plaintiff and Dr. Abdelmagid.  *Id.*, at 5.

On February 2, 2011, Plaintiff submitted a complaint to the Board demanding that the Board investigate the Committee and its treatment and accusations against her.  *Id.*, at 6.  Ultimately, the Board identified Seljuki and the teacher's representative to the Committee as the cause of the problems and removed both from the Committee.  *Id.*  However, soon thereafter, Dr. Abdelmagid received a letter informing him of a decision to reduce Plaintiff's

schedule to one day a week and demanding that he comply with the reduction or be placed on administrative leave. *Id.* The decision resulted in a reduction of Plaintiff's monthly salary from $1,800.00 to approximately $362.00 per month. *Id.*, at 7. Allegedly, on March 31, 2011, when Plaintiff received her reduced check, Defendant's Treasurer stated to Plaintiff, "You complained to the EEOC, what did you expect?" *Id.*

### III. ANALYSIS

Plaintiff pleads three counts against Defendant: Title VII claims for national origin discrimination and retaliation in Counts I and II, respectively, and, in Count III, a state law breach of contract claim. Doc. 1. Defendant challenged the Title VII claims claiming that it is not an "employer," as defined by Title VII, since it purportedly employs less than fifteen individuals.[5] For the reasons set forth below, the court finds that Plaintiff has failed to establish that Defendant employed the requisite threshold of employees necessary for Plaintiff to implicate the protections of Title VII and, consequently, **GRANTS** Defendant's motion.

### A.   Relevant Title VII Law

"Title VII makes it an unlawful employment practice for an employer . . . to

---

[5]Defendant also moved to dismiss Plaintiff's Title VII claims on the basis that they do not satisfy the notice pleading requirements. Doc. 4, at 3. The court is not reaching this alternate argument because it is granting Defendant's motion on the fifteen employee issue.

fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006) (citing 42 U.S.C. § 2000e-2(a)(1)) (internal quotations omitted).  "The term 'employer' means a person engaged in an industry affecting commerce who has *fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."  42 U.S.C. § 2000e (emphasis added).  "Whether an individual is an employee of an entity within the meaning of Title VII (which defines an 'employee' circularly as 'an individual employed by an employer,' 42 U.S.C. § 2000e(f)) depends on the economic realities of the situation when viewed in light of the common law principles of agency and the right of the employer to control the employee." *Johnson v. Chilton Cnty. Comm'r*, No. 2:08cv811, 2009 WL 2323846, *3 (M.D. Ala. July 29, 2009) (citing *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340-41 (11th Cir. 1982)) (internal quotation marks omitted).  "[C]onsistent with common law agency principles, independent contractors are not employees for Title VII purposes," *Takeall v. Werd, Inc*., No. 77-417, 1979 WL 160, *2 (M.D. Fla. Mar. 8, 1979), and are not counted in ascertaining whether an employer meets the fifteen

employee threshold.

     1.     <u>Plaintiff Cannot Establish that Defendant is an "Employer" under
Title VII</u>

To proceed on her Title VII claims, Plaintiff has the burden of establishing
that Defendant employed at least fifteen employees during the relevant period in
question. *McLeod v. City of Newton*, 931 F. Supp. 817, 822 (M.D. Ala. 1996). To
meet this burden, Plaintiff submitted fifteen Letters of Appointment (the
"Letters"), which she contends prove that "Defendant in fact employed fifteen
employees during the 2010-2011 school year[.]" Doc. 6, at 2; doc. 19, at 1; doc.
19-1, at 1-15. In addition, Plaintiff takes issue with Defendant's records and
alleges that Defendant failed to include certain individuals it employed in the total
employee count Defendant provided to Plaintiff. Allegedly, Defendant did not
produce (1) documentation to show who provided physical education and pre-
school services from the start of the school year in August 2010 until February and
April 2011, when two new instructors started with Defendant, *see* docs. 19 & 19-
1, at 14 & 15; (2) a Letter showing the appointment of a sixth grade teacher and
instead only provided a Letter that showed it employed Michaela Kenon to teach
both fifth and seventh grade, doc. 19, at 1; and (3) payroll records for Setareh

Tejbakhsh ("Tejbakhsh")[6], doc. 7-2, at 1-52.  Accordingly, Plaintiff contends that she has met her burden of establishing that Defendant had at least fifteen employees during the relevant period in 2010 or 2011.  Doc. 19, at 1-2.  The court addresses each of Plaintiff's contentions in turn.

a.     *Alleged Failure to Include Physical Education and Pre-School Teachers*

To support her contention that Defendant produced incomplete employee records, Plaintiff asserts that Defendant failed to produce documents identifying the individuals who taught physical education and pre-school.  The evidence, however, does not support Plaintiff's contention.  First, as it relates to the pre-school lead teacher, Defendant, in fact, provided a Letter for Nadia Khazendar, dated October 21, 2010, showing that it offered her employment for the 2010-2011 school year.  Doc. 19-1, at 10.  In fact, Khazendar's Letter is in the stack of fifteen Plaintiff provided to this court and it states specifically that Defendant hired Khazendar "in the capacity of the Pre-School Lead Teacher."  *Id.*  Moreover, she is also included in the payroll documents.  Doc. 19-1, at 16-44.  Therefore, Plaintiff's contentions about the pre-school teacher are incorrect.

_____

[6]Plaintiff believes that Tejbakhsh is an "employee" since she is included in the fifteen Letters Defendant produced to Plaintiff.  Consequently, because Tejbakhsh is not included in Defendant's payroll documents, Plaintiff believes Defendant's records are incomplete.  As shown, *infra* at section A(1)(c), Tejbakhsh is an independent contractor.

Second, the record also does not support Plaintiff's assertion that Defendant "employed" an additional employee as a physical education teacher from August 2010 until February 2011.  Defendant provided affidavits from the Office Manager/Administrator and its Secretary of Education stating that for the months of August 2010 until February 2011, Defendant retained Faycal Abbou as an independent contractor to teach physical education, doc. 20, at 5; doc. 20-1, at 7-13, and that Abbou is not listed on the payroll documents Defendant produced because those documents only reflect "actual employees of [the Academy], for whom taxes are deducted," doc. 20-1, at 12.  Significantly, Plaintiff failed to present any evidence to refute Defendant's contention that it retained Abbou as an independent contractor, rather than as an "employee."  Because Plaintiff has the burden on this issue, *see McLeod*, 931 F. Supp. at 822, Plaintiff's contentions about the physical education teacher also fail.

  b. *Alleged Failure to Include Sixth Grade Teacher*

Plaintiff contends next that Defendant failed to provide a Letter for a sixth grade instructor.  In a nutshell, Plaintiff maintains that Defendant had to have offered a sixth grade class since it offered fifth and seventh grade classes.  Such speculation however is insufficient to defeat summary judgment.  *Ellis*, 432 F.3d at 1326.  Moreover, Defendant rebutted Plaintiff's contention with evidence that it

did not have a sixth grade teacher or class because it had no sixth grade students and that it decided to combine the fifth and seventh grade classes since it only had one seventh grade student and four fifth grade students during the school year in question. Doc. 20-1, at 9. Plaintiff failed to rebut this contention or identify the individual she claims Defendant purportedly hired to teach the sixth grade class. Therefore, Plaintiff failed to carry her burden on this issue.

    c.    *Alleged Failure to Include Two Employees*

    Finally, Plaintiff asserts that "Defendant's submission has shown that it has not provided all records requested and that they have omitted possibly two employees which were employed by Defendant causing them to meet the 15 employee minimum as set forth in the statute." Doc. 19, at 1-2. However, the two individuals in question, Abbou and Tejbakhsh, are independent contractors based on the records Defendant produced. As stated previously, Defendant retained Abbou as an independent contractor to instruct the physical education classes. Doc. 20-1, at 7-13. Likewise, Defendant established, through the 1099 form it issued, which listed the amount of "nonemployee compensation" Tajbakhsh received, that it also retained Tejbakhsh as an independent contractor. *Id.*, at 23. Needless to say, since Defendant treated Tajbakhsh and Abbou as independent contractors, Defendant did not include them in the payroll records. Their non-

11

inclusion, however, does not make Defendant's payroll records incomplete as Plaintiff contends, especially where, as here, Defendant has met its burden of proving that it retained both as independent contractors.

In short, Plaintiff failed to produce any evidence to refute Defendant's contention that it retained Abbou and Tejbakhsh as independent contractors and also failed to produce any credible evidence to establish that Defendant failed to produce complete employment records. In fact, Defendant submitted sufficient evidence to address credibly each of the purported "employees" Plaintiff claims Defendant failed to identify. Because the payroll records both parties submitted support a finding that Defendant only employed thirteen employees, doc. 19-1, at 16-44, the court finds that Defendant is not an "employer," as defined by Title VII. Accordingly, the court **GRANTS** Defendant's motion for summary judgment on the Title VII claims. In granting this motion, however, the court makes no assessment or findings about the merits of Plaintiff's contentions that Defendant discriminated and retaliated against her. Rather, the court finds only that Plaintiff cannot pursue a Title VII action against Defendant since she failed to establish that Defendant is an "employer" who is subject to Title VII's non-discrimination provisions.

## IV.  CONCLUSION

In light of the decision to grant Defendant's motion, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law breach of contract claim and Defendant's third party claims against Dr. Abdelmagid.  There is no longer a basis for these claims to be in federal court.  Accordingly, this action is **DISMISSED WITHOUT PREJUDICE.**

**DONE** this 21st day of March, 2012.

_Abdul Kallon_

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE